IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **JOHNNY R. DEANDA #365000** | § | |
| | § | |
| **V.** | § | **A-10-CA-422-LY** |
| | § | |
| **RISSIE OWENS, et al.** | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE LEE YEAKEL
       UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court is Plaintiff's complaint. Plaintiff, proceeding pro se, has been granted leave to proceed in forma pauperis.

STATEMENT OF THE CASE

At the time he filed his complaint pursuant to 42 U.S.C. § 1983, Plaintiff was confined in the Sanders Estes Unit of the Texas Department of Criminal Justice - Correctional Institutions Division. Plaintiff sues Rissie Owens, Chairperson of the Texas Board of Pardons and Paroles; Governor Rick Perry; the Texas Senate Leader; and numerous unnamed employees of the Texas Department of Criminal Justice and the Texas Board of Pardons and Parole. Plaintiff seeks a declaratory judgment, declaring that his rights have been violated, and monetary damages due to his alleged illegal incarceration.

According to Plaintiff, he was convicted of attempted murder and sentenced to 20 years in prison on September 8, 1983. Plaintiff argues the defendants have illegally extended his sentence. Plaintiff contends he should have discharged his sentence in March 2003. According to Plaintiff, TDCJ indicates he will discharge his sentence in August 2018.

## DISCUSSION AND ANALYSIS

A.  Standard Under 28 U.S.C. § 1915(e)

An in forma pauperis proceeding may be dismissed sua sponte under 28 U.S.C. § 1915(e) if the court determines the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from suit. A dismissal for frivolousness or maliciousness may occur at any time, before or after service of process and before or after the defendant's answer. Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986).

When reviewing a plaintiff's complaint, the court must construe plaintiff's allegations as liberally as possible. Haines v. Kerner, 404 U.S. 519, 92 S. Ct. 594 (1972). However, the petitioner's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." Farguson v. MBank Houston, N.A., 808 F.2d 358, 359 (5th Cir. 1986).

B.  Eleventh Amendment Immunity

Being sued in their official capacities for monetary damages, Defendants are immune from suit under the Eleventh Amendment because such an action is the same as a suit against the sovereign. Pennhurst State School Hosp. v. Halderman, 465 U.S. 89, 104 S. Ct. 900 (1984). The Eleventh Amendment generally divests federal courts of jurisdiction to entertain suits directed against states. Port Auth. Trans-Hudson v. Feeney, 495 U.S. 299, 304, 110 S. Ct. 1868, 1871 (1990).

The Eleventh Amendment may not be evaded by suing state agencies or state employees in their official capacity because such an indirect pleading remains in essence a claim upon the state treasury. Green v. State Bar of Texas, 27 F.3d 1083,1087 (5th Cir. 1994).

    C.    Heck v. Humphrey

Insofar as Plaintiff is suing the Defendants in their individual capacities for his alleged illegal confinement, Plaintiff's claims must be dismissed pursuant to Heck v. Humphrey, 512 U.S. 477, 486-87, 114 S. Ct. 2364, 2372 (1994) and the Fifth Circuit's application of Heck to state prisoner § 1983 lawsuits in Boyd v. Biggers, 31 F.3d 279 (5th Cir. 1994). In Heck, the Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

In this case Plaintiff does not allege that his conviction or revocation of parole or mandatory supervision has been reversed, expunged, invalidated, or called into question by a federal court's issuance of writ of habeas corpus. Plaintiff's recitation of the procedural history in this case indicates just the opposite.[1] Accordingly, Plaintiff's claims against the defendants in their individual capacities regarding his alleged illegal confinement should be dismissed without prejudice to refile once the conditions of Heck are met. Plaintiff should be allowed to refile only upon a showing that the decision to revoke his parole or mandatory supervision "has been reversed on direct appeal,

---

[1] Plaintiff currently has pending an application for habeas corpus relief in the United States District Court for the Northern District of Texas, Dallas Division, in Cause No. 3:10-CV-890-L. Attached to his application is documentation, indicating that Plaintiff did not fulfill the conditions of his release on mandatory supervision. As explained to Plaintiff, the remainder of his sentence is computed without credit for the time he served on parole or mandatory supervision.

expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck, 512 U.S. at 486-87.

## RECOMMENDATION

It is therefore recommended that Plaintiff's official-capacity claims be dismissed without prejudice for want of jurisdiction and Plaintiff's individual-capacity claims be dismissed without prejudice to refile once the conditions of Heck are met.

It is further recommended that the Court include within its judgment a provision specifically warning Plaintiff that filing any further frivolous lawsuits may result in (a) the imposition of court costs pursuant to Section 1915(f); (b) the imposition of significant monetary sanctions pursuant to Fed. R. Civ. P. 11; (c) the imposition of an order barring Plaintiff from filing any lawsuits in this Court without first obtaining the permission from a District Judge of this Court or a Circuit Judge of the Fifth Circuit; or (d) the imposition of an order imposing some combination of these sanctions.

It is further recommended that Plaintiff warned that for causes of action after June 8, 1995, the TDCJ upon receipt of a final order of a state or federal court that dismisses as frivolous or malicious a lawsuit brought by an inmate while the inmate was in TDCJ custody or was confined in county jail awaiting transfer to the Department following conviction of a felony or revocation of community supervision, parole, or mandatory supervision, is authorized to forfeit (1) 60 days of an inmate's accrued good conduct time, if the Department has previously received one final order; (2) 120 days of an inmate's accrued good conduct time, if the Department has previously received two final orders; or (3) 180 days of an inmate's accrued good conduct time, if the Department has previously received three or more final orders.  See, TEX. GOV'T CODE ANN. § 498.0045.

It is further recommended that Plaintiff should be warned that if Plaintiff files more than three actions or appeals while he is a prisoner which are dismissed as frivolous or malicious or for failure to state a claim on which relief may be granted, then he will be prohibited from bringing any other actions in forma pauperis unless he is in imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

## OBJECTIONS

Within 14 days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C). Failure to file written objections to the proposed findings and recommendations contained within this report within 14 days after service shall bar an aggrieved party from de novo review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc); Thomas v. Arn, 474 U.S. 140, 148 (1985); Rodriguez v. Bowen, 857 F.2d 275, 276-277 (5th Cir. 1988).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 16th day of June, 2010.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE